UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                  4:19-CR-00300-JTR

FREDDERICK EASON

### ORDER[1]

Pending before the Court is a *pro se* Motion for Compassionate Release filed by Defendant Fredderick Eason ("Mr. Eason"). *Doc. 11*. The government has filed a Response opposing the Motion, on the merits. *Doc. 12*. For the reasons explained below, the Motion is denied.

### I.  BACKGROUND

On August 1, 2019, Mr. Eason appeared before me and pled guilty to the misdemeanor offense of possessing a prohibited object in prison (a cell phone). I sentenced him to an additional four months in prison, to run consecutively to a 78-month sentence imposed on January 5, 2018 in the Eastern District of Missouri.[2]

---

[1] Mr. Eason consented to proceed before a Magistrate Judge. *Doc. 3*.

[2] In that case, Mr. Eason pled guilty to the crime of possessing a firearm in furtherance of a drug-trafficking crime. See *United States v. Eason*, Eastern District of Missouri, Case No. 4:17-cr-00217-1-RWS.
    On August 28, 2020, the Eastern District of Missouri denied, on the merits, Mr. Eason's Motion for Compassionate Release in connection with his 78-month sentence. *United States v. Eason*, E.D. Missouri Case No. 4:17-cr-00217-1-RWS, *Doc. 69*.

1

## II.   DISCUSSION

In enacting the First Step Act, Congress amended 18 U.S.C. § 3852(c)(1)(A) to allow federal prisoners to seek compassionate release directly from the court that imposed their sentence. Previously, the BOP had exclusive jurisdiction to grant such requests.[3]

*Before* seeking compassionate release from the Court, defendants are required by statute to "fully exhaust[] all administrative rights to appeal" with the BOP.[4] Mr. Eason asserts that on June 3, 2020, he requested relief from the Warden, which was rejected on June 17, 2020. However, there is no indication that Mr. Eason made any effort to appeal the Warden's denial of relief through the BOP's appeal process.[5] I agree with United States District Judge Lee Rudofsky's well-reasoned analysis on

---

[3] *See United States v. Redd*, 444 F.Supp.3d 717, 725 (E.D. Va. Mar. 16, 2020) ("The First Step Act was passed against the backdrop of documented infrequency with which the BOP filed motions for a sentence reduction on behalf of defendants."); 164 Cong. Rec. S7314-02, 2018 WL 6350790 (Dec. 5, 2018) (statement of Senator Cardin, co-sponsor of the First Step Act) ("[T]he bill expands compassionate release ... and expedites compassionate release applications.").

[4] 18 U.S.C. § 2582(c)(1)(A); s*See United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, *Doc. No. 440* (E.D. Ark. May 14, 2020) (holding that § 3852(c)(1)(A)'s exhaustion requirement is jurisdictional and that the Court has no power to rule on the merits until the defendant exhausts all available administrative remedies).
    While the government concedes the issue of exhaustion, this jurisdictional issue cannot be waived. *See United States v. Johnson*, 451 F.Supp.3d 436 (D. Md. 2020 (§ 3582(c)(1)(A)'s administrative exhaustion requirements cannot be waived).

[5] "When an inmate's [compassionate release] request is denied by the Warden . . . [t]he inmate may appeal the denial through the Administrative Remedy Procedure detailed in (28 CFR part 542, subpart B)."  28 C.F.R. § 571.63.

this issue: the exhaustion requirement is jurisdictional and a defendant must "exhaust all potential administrative appeals before seeking judicial relief" to reduce his sentence. *United States v. Smith*, No. 4:95-cr-00019-LPR (E.D. Ark. May 14, 2020), *Doc. 440 at 17*.

Accordingly, Mr. Eason's Motion is prematurely filed, and this Court lacks jurisdiction to address it on the merits.

### III.  CONCLUSION

IT IS THEREFORE ORDERED THAT Defendant Fredderick Eason's Motion for Compassionate Release (*Doc. No 11*) is DENIED without prejudice.

Dated this 24th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE